# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| LANCER D. TISDALE, | ) | |
|    Plaintiff, | ) | |
| v. | ) | Docket No. 3:20-cv-00961 |
| | ) | |
| NATIONAL KWIKMETAL | ) | JUDGE ALETA A. TRAUGER |
| SERVICE, LLC, | ) | |
|    Defendant. | ) | JURY DEMAND |

## PROPOSED INITIAL CASE MANAGEMENT ORDER

    A.    JURISDICTION:    The court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343,

    B.    BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF:    Plaintiff was hired by Defendants in approximately June 2010 as a Plant Supervisor. Plaintiff received all positive performance evaluations while employed by Defendant, and in June 2019, Plaintiff was "promoted" to Safety Coordinator. Despite Plaintiff's numerous attempts to ensure Defendant's compliance with OSHA/ TOSHA, Plaintiff's concerns and remedies continued to be dismissed. On or about December 9, 2019, despite his numerous safety measures, Plaintiff injured his right hand while at work, Plaintiff's injury needed nine (9) stiches and Plaintiff was placed on light duty. Despite Plaintiff's request for reasonable accommodations for his work restrictions, Plaintiff was terminated on or about January 15, 2020. Plaintiff submits that due to not only his disability, but his numerous attempts to remedy various ongoing safety issues, he was retaliated against and ultimately terminated by Defendant.

1

2) DEFENDANT: Defendant moved Plaintiff to a Safety Coordinator position after he did not perform well in other positions. The move was not a promotion.

Plaintiff was empowered and expected to analyze safety issues and make improvements. Defendant was disappointed with his performance in this regard. Defendant did not obstruct him in this effort and instead encouraged him to engage in analysis, to communicate with managers as appropriate, and to implement improvements.

Plaintiff did make a few suggestions that did not make sense. For example, he suggested certain fall protection projects that were both expensive and unnecessary. Defendant's employees do not go on the roof, yet Plaintiff suggested a project regarding fall protection related to the roof and skylights. Defendant has one employee who infrequently works near the ceiling via scissor lift and has a harness system in place for this already. Accordingly, there was no reason to implement other protections.

Defendant was disappointed with Plaintiff's overall performance. This included Plaintiff engaging in a known unsafe act which resulted in his work injury. As the Safety Coordinator, Plaintiff should have followed all safety protocols, and he did not do so.

Defendant concluded that Plaintiff's performance was not satisfactory. That was the sole reason for discharge. Defendant did not discriminate based on disability. Plaintiff was not disabled, nor did his condition or injured status play any role in the decision. Defendant did not retaliate against Plaintiff for having sought workers' compensation benefits. Rather, his performance was the sole reason for the decision.

C. ISSUES RESOLVED: Jurisdiction and venue

D. ISSUES STILL IN DISPUTE: Liability and damages

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before **March 22, 2021.**

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **January 14, 2022**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **February 15, 2022**.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **November 1, 2021**. The defendant shall identify and disclose all expert witnesses and reports on or before **December 1, 2021.**

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **January 14, 2022.**

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before **March 1, 2022.**

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **March 1, 2022**. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial

summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. ELECTRONIC DISCOVERY. The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174-1 need not apply to this case

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 3 days. The parties anticipate being ready for a trial date **after August 2, 2022.**

It is so **ORDERED**

_____

**ALETA A. TRAUGER**
U.S District Judge

APPROVED FOR ENTRY:


s/ CHRISTOPHER V. BOIANO
CHRISTOPHER V. BOIANO (#30076)
Boiano & Boiano, LLC
*Attorney for Plaintiff*
115 Shivel Dr.
Hendersonville, Tennessee 37075
P: 615-991-7117
F: 615-296-0390

APPROVED FOR ENTRY:


s/ Brent A. Morris
Brent A. Morris (#24621)
Fred J. Bissinger (#19671)
Wimberly Lawson Wright Daves & Jones
Attorneys for Defendant
214 Second Ave. N, Suite 3
Nashville, TN 37201
(615) 727-1000
bmorris@wimberlylawson.com
fbissinger@wimberlylawson.com